UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JACOB BARNETT, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 1:24-CV-150 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| ADMAN ELECTRIC, INC., | ) Magistrate Judge Lee |
| | ) |
| *Defendant*. | ) |

# **M E M O R A N D U M**

Before the Court is the parties' joint motion for approval of a settlement agreement in this action. (Doc. 8.) The Court will **GRANT** the motion and **APPROVE** the proposed settlement agreement. (Doc. 8-1 ["Settlement Agreement"].)

This case is brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiffs Jacob Barnett, Lance Bolton, Benjamin Davis, Chandler Gonzalez, Nicklus Hullander, Reginald McCalaster III, Matthew Roenneburg, Samuel Tatrow, and James Hayden Ware allege they were non-exempt employees of Defendant and Defendant failed to pay them or to correctly calculate their pay of at least one and one-half times their regular hourly rate for overtime spent driving out of state and on other tasks as required by the FLSA. (Doc. 1.) Defendant denies Plaintiffs' claims. (*See* Doc. 8 at 2.) Plaintiffs have not filed a motion for certification of a collective action.

The Settlement Agreement requires Defendant to pay a total of up to $117,875 to Plaintiffs severally in specific amounts, representing all of Plaintiffs' claimed back pay in the amount of $35,241.60, all of Plaintiffs' claimed liquidated damages in the amount of $35,241.60, attorney fees in the amount of $49,988.80, and expenses in an unspecified amount. (Doc. 8-1 at 2, 9; Doc.

8 at 2.) In exchange for these payments, Plaintiffs agree to release all of their claims against Defendant through the date of execution of the Settlement Agreement.

The Court has reviewed the Settlement Agreement and finds it is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008 at *3 (E.D. Tenn. Dec. 26, 2012) (concluding FLSA settlement agreement of collective action was fair, reasonable, and adequate resolution of bona fide dispute). Factors relevant to finding a settlement fair, reasonable, and adequate include: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, *11 (N.D. Ohio Aug. 22, 2008) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

The first and fifth factors—the risk of fraud or collusion and the opinion of class counsel—both favor approving the settlement as fair and adequate. Plaintiffs were represented by counsel who are experienced in handling FLSA actions throughout the litigation. The parties engaged in arms-length litigation and negotiations over contested issues for nine months to achieve a settlement. (*See* Doc. 8-2 ¶ 5.) The Court concludes there is a bona fide dispute and little risk the settlement was the result of fraud or collusion. The Court also credits counsels' view that the proposed settlement is fair and reasonable for Plaintiffs. (*See* Doc. 8 at 3.)

The Court turns next to the second and third factors—the complexity, expense, and likely duration of the litigation, and the amount of discovery completed by the parties. The parties state that Plaintiffs' counsel engaged in four months of investigation and negotiation with Defendant before filing the suit, and that Defendant has given Plaintiffs all of the relevant pay records for analysis. (*Id.* at 3.) The parties further represent that "continuing to litigate this case would have caused large and undue expense for both parties." (*Id.* at 2–3.) This is a collective action, and the Court sees some complexity in the issues this Court and the jury would have to decide. The Court therefore sees a likelihood of some expense and time to resolve the matter without a settlement. The Court concludes the second and third factors weigh in favor of approving the settlement.

The fourth factor, the likelihood of success on the merits, is neutral. The parties represent there are "a variety of disputes of law and fact." (*Id.* at 2.) Defendant denies liability but is "resolving the matter in order to avoid the cost, time, and risks associated with continued litigation." (*Id.*)

The parties do not address the sixth factor, the reaction of absent class members. The Court concludes this factor is not relevant.

As for the seventh factor, the Court views settlement as in the public interest here. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] the district court [may] approve the settlement . . . to promote the policy of encouraging settlement of litigation." *Bartlow*, 2012 WL 6707008 at *1 (2d alteration in original) (quoting *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). As already noted, the Court believes the proposed settlement reflects a reasonable compromise over disputed issues of FLSA coverage. Accordingly, the Court finds the proposed settlement is in the public interest.

Finally, the Court finds the terms regarding attorney's fees in the Settlement Agreemnt to be reasonable. The FLSA has a mandatory fee-shifting provision providing that the prevailing party shall recover reasonable attorney fees and costs. 29 U.S.C. § 216(b). The FLSA fee award "encourages the vindication of congressionally identified policies and rights," and therefore should be determined without "plac[ing] an undue emphasis on the amount of the plaintiff's recovery." *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994). Indeed, the Court of Appeals for the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Id*. Here, an attorney fee of $49,988.80 for their successful representation of nine Plaintiffs is not unreasonable. This is especially true considering the relative lack of correlation between plaintiffs' recoveries and attorney fees in FLSA cases. *See Fegley*, 19 F.3d at 1135; *but see Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557 (6th Cir. 2015) (reversing attorney's fee award of $25,422 where plaintiff recovered $117).

The relevant factors either point in favor of approving the proposed settlement agreement or are neutral. The Court also finds the proposed payment of attorney's fees is reasonable. Accordingly, upon consideration of the joint motion and the proposed settlement agreement, the Court finds the proposed settlement agreement is fair, reasonable, and adequate. The Court will **GRANT** the parties' joint motion (Doc. 8) and **APPROVE** the Settlement Agreement (Doc. 8-1). This case will be **DISMISSED WITH PREJUDICE**, with each party bearing its own attorney fees and costs, except as otherwise provided in the Settlement Agreement.

**An appropriate Order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**